UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GARY M. DAVIS,

    Plaintiff,

v.                                   Case No. 3:05-MC-24-J-25HTS

UNITED STATES OF AMERICA, etc.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment (Dkt. 13). Plaintiff has not filed a response to the motion.

**Background**

On June 10, 2005, Plaintiff sued Defendant for "replevin or detinue pursuant to Title 28 U.S.C. Section 1346(a)(2) and Fla. Stat. Section 78.055." Plaintiff seeks recovery of personal property he values at $700.00. Plaintiff contends the property is located in a safe at Naval Hospital Jacksonville (Naval Hospital). Evidently, Plaintiff was admitted to the hospital in November of 2002 for a self- inflicted knife wound; while at the hospital some of his personal belongings were inventoried and placed in the safe at issue.

Plaintiff was later transferred to Shands Medical Center (Shands). Evidently, during both his Naval Hospital and Shands stays, he was under custody of the Jacksonville Sheriffs Office (JSO). He is presently incarcerated in a state prison in Florida.

In August of 2004, Plaintiff sent a request to the Naval Hospital by letter to release his belongings at issue to a relative but the Naval Hospital did not respond to Plaintiff's request. Thus,

Plaintiff brought the instant suit.

**Standard**

Summary judgment shall be granted for the moving party only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A court looks to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," *id.*, in determining whether summary judgment is appropriate. The movant bears the exacting burden of demonstrating that there is no dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hairston v. Gainesville Sun Publ. Co.*, 9 F.3d 913, 918 (11th Cir. 1993); *Warrior Tomigbee Transp. Co. v. M/V/ Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). Once the moving party satisfies its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324; *Howard v. BP Oil Company, Inc.*, 32 F.3d 520, 524 (11th Cir. 1994).

When deciding a motion for summary judgment, "[i]t is not part of the court's function . . . to decide issues of material fact, but rather [it is to] determine whether such issues exist to be tried . . . " and "[t]he court must avoid weighing conflicting evidence or making credibility determinations." *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d at 919 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The only determination for the court in a summary judgment proceeding is whether there exists genuine and material issues of fact to be tried. *Hairston*, 9 F.3d at 921; *Dominick v. Dixie Nat'l Life Ins. Co.*, 809 F.2d 1559 (11th Cir. 1987). All the evidence and the inferences from the underlying facts must be viewed in the light most favorable to the nonmovant. *Early v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

**Analysis**

Defendant first seeks to have this case dismissed because it cannot be brought under the Little Tucker Act, 28 U.S.C. Section 1346(a)(2); Plaintiff's claim is founded under a state, not federal, statute and Plaintiff does not allege the requisite right or entitlement to compensation under a money mandating statute. In sum, Defendant argues that the Little Tucker Act itself does not create a cause of action and thus the court lacks jurisdiction in this case. *Reeves v. United States,* 49 Fed. Cl. 560, 569-70 (2001).

However, and as Defendant concedes, a liberal reading of the *pro se* Complaint could implicate the Federal Tort Claims Act (FTCA). Defendant maintains that even under the FTCA this Court lacks jurisdiction; Plaintiff did not file the necessary administrative claim before filing suit. *Suarez v. United States,* 22 F. 3d 1064, 1065 (11th Cir. 1994).

Assuming that Plaintiff's August 28, 2004 letter could constitute a proper administrative claim, the Court will consider Defendant's alternative Motion for Summary Judgment.

Defendant argues that summary judgment is proper because Plaintiff cannot demonstrate that it is withholding or wrongfully disposed of his personal belongings. Defendant has proffered the affidavits of Robert Anselm and Daisy Peoples (Dkt. 13, Exhibit A & B) on this issue.

Mr. Anselm's affidavit states that in accordance with Navy procedures, the hospital transferred Plaintiff's belongings to the Jacksonville Sheriff's Office. Specifically, the affidavit states that he reviewed Plaintiff's hospital records and the records demonstrate that Plaintiff's valuables were put in a safe upon his admission and that when he was transferred to Shands his clothing was given to the JSO officer guarding him. The affidavit also states that the valuables at issue were given to JSO in September of 2003. Attached to the affidavit is a receipt from November

3

of 2002 showing the valuables deposited into the hospital safe and a receipt signed by Ms. Peoples of JSO. Ms. Peoples' affidavit states that she signed the receipt for Plaintiff's property in September of 2003. Plaintiff has provided no evidence in response to the affidavits or receipts.

The Court finds that there is no genuine issue of material fact as to whether Defendant either wrongfully or negligently disposed of Plaintiff's property. Nor is there a genuine issue of material fact as to whether Defendant is withholding same. The Court, therefore, grants summary judgment in its entirety. Accordingly, it is **ORDERED:**

Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment (Dkt. 13) is **GRANTED** as to summary judgment. The case is dismissed with prejudice and the Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 16 day of December 2005.

**HENRY LEE ADAMS, JR.**
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record, Courtroom Deputy